## DeLAPERRIERE *v.* BOWLES, administrator.

If, in defense to an action ex contractu, brought against one as administrator, he desires to plead, by way of set-off, that rent accruing from a certain tract of land and belonging to the estate he represented was illegally collected by the plaintiff, it is incumbent upon the defendant to allege facts from which the law will imply an obligation on the part of the plaintiff to account for the money so collected, as money had and received by him to the defendant's use.

Submitted July 18,—Decided November 16, 1906.

Complaint. Before Judge Stark. City court of Jefferson. January 4, 1906.

According to the allegations of the petition, J. J. Bowles, an heir at law of A. Bowles, deceased, sold to the plaintiff his remainder interest in a tract of land, which was subsequently sold by the administrator of A. Bowles. The suit was against the administrator, to recover $171.96 and interest, alleged to be the share of J. J. Bowles, as an heir at law, in the proceeds realized from the administrator's sale of the land. The defendant filed an answer, in which he admitted the sale of the land and that J. J. Bowles was an heir of his intestate, but in which he called upon the plaintiff to establish his claim that he had purchased the interest which this heir had in the land. By way of special plea the defendant set up the following defense: If the distributive share of J. J. Bowles really belongs to the plaintiff, the latter ought not to be allowed to collect it from the defendant, because the plaintiff is indebted to him, as administrator of the estate of A. Bowles, in the sum of $175 "for rents received and collected by said plaintiff for the dower lands of the widow of said A. Bowles for the year 1904, which rents belong to and are the property of the said A. Bowles estate, the same

having been planted and grown after the death of said widow, and it was collected and taken possession of by plaintiff without legal authority, and he owes to and unjustly detains the same from defendant as administrator aforesaid, and is therefore due the said amount" to him, which amount he pleads as a set-off to plaintiff's demand. The plaintiff made a motion to strike this special plea, because it did not set forth the defendant's claim of set-off with sufficient certainty to put plaintiff on notice of the nature and character of the same, and did not show any liability on the part of the plaintiff to the defendant, nor any mutuality, and there was no "allegation as to when or from whom the rent alleged was collected, nor why defendant himself did not collect the rent from the lands if it was due him as administrator." This motion was overruled, the case proceeded to trial before the judge without the intervention of a jury, and a judgment for $28.49 was rendered against the defendant. The plaintiff made a motion for a new trial, and upon its being overruled, sued out a writ of error to review the ruling on his motion to strike the defendant's special plea, and the judgment denying him a new trial.

*J. S. Ayers,* for plaintiff.

EVANS, J. The plea of set-off is very indefinite and uncertain. Construing it to be an effort to set off a claim for rent collected by the life-tenant's vendee,—the rent accruing for the year after the life-estate had terminated, the plea was open to the demurrer urged against it. There is no allegation that the tenants of the plaintiff ever attorned to the administrator of Bowles, or that the plaintiff's possession was held under him. On the contrary, the plaintiff owned the life-estate of the doweress; this estate was ended by her death, and the defendant's contention was that the rent was collected and taken possession of by the plaintiff without legal authority, and that "he owes to and unjustly detains the same from defendant as administrator." "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." Civil Code, § 3116. The plaintiff's entry upon the land was under his purchase of the life-estate of the doweress; after the termination of this estate the administrator of the deceased owner was entitled to demand possession from the life-tenant's vendee. The posses-

sion of the latter was not the possession of the administrator, without attornment. The administrator might maintain an action of trespass against the plaintiff, for the loss occasioned the estate of his intestate by being deprived of the use and occupation of the land; but he can not set off this claim against the plaintiff's suit, which is founded on contract. Civil Code, § 4944. That the plaintiff, after the termination of the life-estate, tortiously remained in possession, either in person or through his tenants, could not give rise to any implied promise to pay or account for rent. *Allen* v. *R. Co.*, 107 *Ga.* 838, 849. It is clear, therefore, that the defendant did not allege facts showing that he was entitled to recover in assumpsit for the rent collected by the plaintiff from his tenants after the termination of the life-estate.

As the court committed error in refusing to strike the plea on motion, it follows that another trial must be ordered.

*Judgment reversed. All the Justices concur.*